IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-141-BO

CHARLOTTE BROWN for T.B., )
)
Plaintiff, )
)
v. )            O R D E R
)
CAROLYN COLVIN, )
Acting Commissioner of Social Security, )
)
Defendant. )
_____ )

This matter is before the Court on the parties' cross-motions for judgment on the

pleadings. [DE 24, 27]. A hearing on this matter was held in New Bern, North Carolina, on

August, 20, 2014. The Commissioner appeared via video feed. For the reasons detailed below,

plaintiff's motion is DENIED and defendant's motion is GRANTED. Accordingly, the decision

of the Commissioner is AFFIRMED.

BACKGROUND

The minor plaintiff, by and through his mother, protectively filed for supplement security

income (SSI) pursuant to Title XVI of the Social Security Act on February 20, 2007. Plaintiff

alleged disability beginning on February 1, 2007. The Social Security Administration denied

plaintiff's application initially and upon reconsideration. On January 26, 2010, plaintiff and his

mother both appeared and testified at a hearing before an Administrative Law Judge (ALJ). The

ALJ denied plaintiff's claim, and the Appeals Council denied his first request for review on

September 13, 2011. After considering additional information, the Appeals Council denied

plaintiff's second request for review on March 22, 2013, and the ALJ's decision became the final

1

decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

"An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In evaluating whether an individual under the age of 18 is disabled, an ALJ uses a sequential multi-step process. First, a claimant must not be able to engage in a substantial gainful activity. 20 C.F.R. § 416.924. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, a claimant's impairment must be of sufficient duration, defined as lasting or can be expected to last for a continuous period of not less than 12 months, and must either meet, medically equal, or functionally equal an impairment listed by the

2

regulations (Listing). *Id.* In determining whether an impairment functionally equals a Listing, the ALJ assesses the claimant's functioning in six areas: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 4) caring for yourself, and 6) health and physical well-being. 20 C.F.R. § 416.926a. A claimant must have a marked limitation in two areas or an extreme limitation in one area for his impairment to functionally equal a Listing. *Id.*

Here, after finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ determined that plaintiff had the following severe impairments: loss of right eye, attention deficit hyperactivity disorder, and headache. [Tr. 34]. The ALJ then found that plaintiff did not have an impairment or combination of impairments that either medically or functionally equaled a Listing. [Tr. 34–35]. In making his findings at step three, the ALJ determined that plaintiff had less than marked limitation in the areas of acquiring and using information, attending and completing tasks, interacting and relating with others, and health and physical well-being, and no limitation in the areas of moving about and manipulating objects and caring for yourself. [Tr. 41–46].

Plaintiff argues that the ALJ erred by failing to find that he had marked limitations[1] in the domains of attending and completing tasks, and health and physical well-being. [DE 25]. The ALJ's decision on these issues is supported by substantial evidence. In formulating the findings on both domains, the ALJ relied upon of two state agency physicians and two state agency psychologists, all of whom opined that plaintiff had a less than marked limitation in the both domains after reviewing available medical evidence. [Tr. 449–50, 453, 479–80]. The ALJ also

---

[1] While plaintiff's memorandum argues that the ALJ failed to find plaintiff's impairment in the health and physical well-being domain was less than marked, D.E. 25 at 3–4, the Court interprets this as an argument that the ALJ failed to find plaintiff's impairment was marked, as the ALJ did find plaintiff's impairment was less than marked in this domain.

relied upon Plaintiff's first grade teacher, who opined that he had no problems in these domains and that his medication rendered him able to complete tasks. [Tr. 190, 194]. Plaintiff's arguments that the ALJ should have relied on the statement of his second grade teacher, who opined that he had some problems in each of the two domains at issue are unavailing. The second grade teacher only knew Plaintiff for a short period of time, approximately two months, and had no knowledge of his medication status. [Tr. 256, 260]. Additionally, substantial other evidence, in the form of the opinions and medical evidence discussed above, supports the ALJ's opinion.

Plaintiff also argues that the ALJ erred by failing to evaluate his and his mother's credibility. [DE 25]. This argument fails, as the ALJ did consider plaintiff's allegations of disabling symptoms. [Tr. 36–40]. When making the credibility determination, the ALJ addressed plaintiff's medical complaints, including his ADHD and visual impairments. [Tr. 38, 40]. The objective medical evidence in the record revealed that the combination of therapy and medication effectively controlled plaintiff's ADHD, though there was some noncompliance, and that plaintiff was doing well with the optical prosthesis and had 20/20 vision in his remaining eye. [Tr. 36, 40]. The ALJ did give some credibility to plaintiff's testimony, as evidenced by the findings of less than marked impairment in four domains, rather than no impairment. [Tr. 41, 43, 44, 46]. Plaintiff's arguments that the ALJ failed to assess the credibility of plaintiff's mother likewise fail, as the credibility regulations pertain only to the allegedly disabled individual. 20 C.F.R. § 416.929(a). Having fully considered the record, the Court finds that the ALJ's credibility assessment of plaintiff is supported by substantial evidence, as are the overall findings regarding plaintiff's lack of disability. Thus, because substantial evidence supports his decision and the correct legal standard was employed, the decision of the Commissioner is AFFIRMED.

CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is

DENIED, and defendant's motion for judgment on the pleadings [DE 27] is GRANTED. The

decision of the Commissioner is AFFIRMED.


SO ORDERED.

This _4_ day of ~~August~~ September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE